*E-filed on* ____7/31/06____

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

DESTA HAILE,

          Plaintiff,

    v.

JO ANNE B. BARNHART,
Commissioner of Social Security

         Defendant.

No. C-00-20691 RMW

ORDER DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S CROSS-
MOTION FOR SUMMARY JUDGMENT

**[Re Docket Nos. 17, 18]**

      Plaintiff Desta Haile brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  Plaintiff and defendant have filed cross-motions for summary judgment.  Plaintiff alleges that the findings of the administrative law judge ("ALJ") were unsupported by substantial evidence and were reached by an improper application of the law.  Specifically, plaintiff claims that the ALJ erred in its determination of plaintiff's age.

      Pursuant to this court's procedures for review of social security actions, the parties' motions have been submitted without oral argument.  Based on the papers and the court's review of the record, the court hereby denies plaintiff's motion for summary judgment and grants defendant's cross-motion for summary judgment.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT—No. C-00-20691 RMW
SEG

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.    BACKGROUND

Plaintiff immigrated to the United States from Ethiopia via Sudan.  Court Transcript ("Tr.") 419, 1075-79.  In 1982, plaintiff was admitted as a permanent resident of the United States.  Tr. 601. It is undisputed that during the residency process, plaintiff provided the Immigration and Naturalization Service ("INS") with an approximate age that led them to estimate his birth date as January 1, 1946.  Tr. 77, 422.  On March 1, 1989, plaintiff applied for SSI benefits on the basis of age claiming that the INS birth date was in error and that he was actually born in October of 1921, 25 years earlier.  Tr. 98-107.  His SSI claim was denied both initially and on reconsideration.  Tr. 141-45.

Plaintiff's case has a long procedural history, having been remanded by the Appeals Council a total of four times, including once by stipulation before this court.  Tr. 419-21.  After denial of his claim, plaintiff requested a hearing by an ALJ and first appeared before an ALJ on August 20, 1991. Tr. 25, 146.  In a decision dated September 27, 1991, the ALJ denied plaintiff's claim for benefits. Tr. 151-52.  The ALJ found that plaintiff had not sustained his burden of proof, that plaintiff's testimony was neither "forthright [n]or credible," and that plaintiff's supporting evidentiary documents were of "questionable authenticity."  Tr. 154, 157.

The Appeals Council remanded the case for further development, finding that discrepancies in the record could only be settled by an independent verification and an evaluation of the authenticity of each document.  Tr. 203-04.  However, on June 15, 1994, the ALJ decided on remand that the totality of the evidence still did not establish plaintiff's date of birth to be in October 1921.  Tr. 243-50.

The Appeals Council remanded the case a second time under the error of law provision of the Social Security Administration ("SSA") regulations.  Tr. 254-55.  The Council found that while the ALJ had followed the Council's recommended procedure for seeking verification and authentication of the documents, the Office of Disability and International Relations did not comply with the ALJ's request and "simply returned the documents submitted with copies of the [discrepant] translations which had been made previously."  *Id.*  On remand, the ALJ was to "make clear that a mere

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT—No. C-00-20691 RMW
SEG                                                    2

translation. . . is insufficient" in determining the authenticity of plaintiff's proffered evidence. *Id.* The ALJ complied with the Council's order, and the SSA obtained verification directly from the Ethiopian office of vital records in the city of Addis Ababa. Tr. 259-61. The Addis Ababa vital records office deemed the documents "fraudulent," and in a decision dated March 16, 1996, the ALJ once again denied plaintiff's claim. Tr. 256-61.

In August of 1997, the Appeals Council remanded the case a third time, once again under the error of law provision of the SSA regulations. Tr. 270-72. The Council stated that where the ALJ considers additional evidence, that evidence must be proffered to the claimant, and the claimant must be provided a supplemental hearing to rebut the evidence if his claim is denied. *Id.* The ALJ complied with the Council's orders and provided plaintiff an opportunity to rebut the findings of the Addis Ababa vital records office at a supplemental hearing. Tr. 10-22. The ALJ issued an unfavorable decision on February 9, 1999. *Id.*

When the Appeals Council denied plaintiff's request for further reexamination of the case, plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Tr. 502-03, 506-07. In May 2001, this court reversed the ALJ's final decision and remanded the case to consider new evidence from the United States Embassy's Anti-Fraud Unit which stated plaintiff's date of birth as October 20, 1921. Tr. 506-07. Plaintiff's case was reviewed a fifth and final time by a different ALJ. Tr. 416-17. In a decision dated October 25, 2002, the ALJ determined that plaintiff's INS record still remained the most reliable indication of his age offered into evidence. Tr. 416-38. The Appeals Council found no reason to remand the case. Tr. 406.

## II.    LEGAL STANDARDS

### A.    Statutory and Regulatory Framework

To qualify for benefits under Title XVI on the basis of age, a claimant must establish that he is at least 65 years old. 42 U.S.C. § 1382c(a)(1)(A). The Social Security Administration has well-established regulations for determining an individual's date of birth. 20 C.F.R. § 416.801 *et seq.* The burden is on the claimant to produce reliable evidence of his advanced age and, hence, his eligibility for benefits. *Id.* § 416.801.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Under SSA policy, the "highest probative value" is accorded to public or religious records of

2   birth or baptism established or recorded before the claimant's fifth birthday.  *Id.* § 416.803.  If birth or

3   baptism records are unavailable, the claimant may submit other documents as evidence of his age.  *Id.*

4   § 416.802.  However, "in determining their probative value, consideration will be given to when such

5   documents were established or recorded and the circumstances attending their establishment or

6   recordation."  *Id.* § 416.803.  The ALJ may consider such factors as whether the information was

7   given under oath or with witnesses present, whether the information agrees with other available

8   evidence, and whether there was any reason to give false information when the record was created.

9   *Id.* § 416.802; *see id.* § 404.708 (outlining how the SSA "decide[s] what is enough evidence" when

10  determining eligibility for federal old-age, survivors, and disability insurance).  If the evidence

11  submitted is not convincing, the SSA may require the claimant to offer additional evidence in support

12  of his purported age.  *Id.* § 416.805.

13       **B.    Scope of Review**

14    The district court's scope of review is limited.  Under § 405(g) of the Social Security Act, a

15  district court reviewing the SSA's decision on an application for benefits may affirm, reverse, or

16  remand.  *Ramirez v. Shalala*, 8 F.3d 1449, 1451 (9th Cir. 1993).  However, the court will not disturb

17  the Administration's denial of benefits unless its findings of fact are not supported by substantial

18  evidence or it failed to apply the proper legal standard.  42 U.S.C. § 405(g); *Vertigan v. Halter*, 260

19  F.3d 1044, 1049 (9th Cir. 2001); *Tacket v. Apfel*, 180 F.3d 1094, 1097-98 (9th Cir. 1999).

20  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to

21  support a conclusion."  *Walker v. Mathews*, 546 F.2d 814, 818 (9th Cir. 1976).  Evidence is

22  substantial if it is more than a mere scintilla but less than a preponderance.  *Tacket*, 180 F.3d at 1098.

23    To determine whether substantial evidence supports the SSA's findings, the court must review

24  the administrative record as a whole, weighing evidence that both bolsters and detracts from the

25  Administration's conclusion.  *Id.*  Questions of credibility and resolution of conflicts in the testimony

26  are functions solely for the ALJ.  *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  When the

27  evidence is susceptible to more than one rational interpretation, the court must adopt the ALJ's

28  decision.  *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

# III.    ANALYSIS

The claimant seeking social security benefits bears the burden of proof regarding his age.  20 C.F.R. § 416.801.  At issue in this case is whether the record contained evidence sufficient to change plaintiff's date of birth for the purposes of Social Security.  Tr. 421.  Plaintiff contends that the ALJ's decision was not supported by substantial evidence and that incorrect legal standards were employed in the determination of his age.  Specifically, plaintiff alleges that the ALJ erred in relying on the INS birth date of January 1, 1946, because substantial evidence corroborates plaintiff's actual birth date in October 1921.  Pl.'s Mot. at 11.

## A.    Plaintiff's INS Birth Date

It is undisputed that when plaintiff immigrated to the United States, he did not know his true age or birth date.  Tr. 422, 1075.  Plaintiff testified that when asked for his date of birth, he "[didn't] know [the] exact time, exact date, exact year," so he provided INS personnel with his "approximate" age.  Tr. 30, 77.  The INS issued a birth date of January 1, 1946 using the approximate age, 36, supplied by plaintiff.  Tr. 422, 601.

The INS record is normally used to establish birth dates and SSI eligibility for refugees, absent convincing foreign proof to the contrary.  Tr. 437; *see, e.g., Pha v. Chater*, 909 F. Supp. 508 (N.D. Ohio 1995).  Based on its review of evidence in the record, the ALJ determined that plaintiff's INS birth date was "highly probative" of his age.  Tr. 437.  The ALJ reasoned that when plaintiff provided INS personnel with the best estimate of his age, he was likely highly motivated to be as accurate and honest as possible to gain residency to the United States.  *Id.*  Plaintiff now alleges that he was actually 61 years old at the time INS personnel accepted his "approximate" age of 36.  Tr. 422; Pl.'s Mot. at 12-13.  As the ALJ noted, it is unlikely that plaintiff, and those who assisted plaintiff, estimated his age with "such a wide margin of error."  Tr. 437.

Plaintiff used his INS date of birth when applying for a renewal of his driver's license, when applying for work, when seeking medical treatment, when filing a worker's compensation claim, when signing his daughter's birth certificate, and in many other areas of his life through the present.  Tr. 122, 437, 522-98, 641-780.  Nothing in the record indicates that plaintiff attempted to change his date of birth between 1982, the year he immigrated to the United States, and 1988, when he began to

United States District Court
For the Northern District of California

seek eligibility for SSI benefits on the basis of age.  Tr. 437, 602.  Plaintiff contends that he did not

attempt to change his date of birth because he was not sure how to change it, did not have the

documentation to change it, and did not want to create any problems with his record.  Pl.'s Mot. at 13.

The ALJ found that plaintiff's failure to correct the alleged error and his use of the INS birth date for

both official and unofficial purposes were probative of his "state of mind regarding his age."  Tr. 437.

Here, where the ALJ's finding is supported by substantial evidence in the record, the court must adopt

the ALJ's reasoning.  *Sandgathe*, 108 F.3d at 980.

## B.    Plaintiff's Proffered Documentary Evidence

It is undisputed that the documents plaintiff entered into evidence to prove his date of birth

were all issued after plaintiff began to seek eligibility for SSI benefits on the basis of age in 1988.

Tr. 424.  In support of his October 1921 birth date, plaintiff initially offered three "birth certificates,"

a baptismal record, and several affidavits[1].  Tr. 211-20, 423.  All three birth certificates were deemed

"fraudulent" by the Ethiopian office of vital records in the city of Addis Ababa.  The ALJ thus

concluded that the birth certificates were not reliable.  Tr. 256, 424-25.

The ALJ also deemed the baptismal record "suspect" and unreliable.  *Id.*  Plaintiff contends

that the baptismal records kept by the church in which he was baptized are accurate.  Pl.'s Mot. at 17.

As evidence, plaintiff offers a declaration by Mr. Daniel Nebiyeleul, a Deacon in the Ethiopian

Orthodox Church, who has allegedly visited the Gerima Monastery where plaintiff's baptismal record

is stored.  Tr. 1042-43.  However, the ALJ deemed the baptismal record unreliable not because of

questions concerning the authenticity of the document itself.  Tr. 424-25.  Rather, the ALJ gave the

document little evidentiary weight because there was no solid evidence linking the baptismal record

with the plaintiff.  *Id.*  The record did not designate the parents of the child baptized, nor did it

---

[1]  Plaintiff also offered several declarations from people who have known plaintiff since childhood.
Tr. 273-75, 279, 282-84.  The ALJ in 1999 gave little evidentiary weight to the declarations because
they were offered by close friends and family of plaintiff who (1) likely had an interest in plaintiff's
success in the case and (2) were Ethiopian and thus, according to plaintiff's testimony, likely paid
little attention to age and birth dates.  Tr. 18-19.  Plaintiff has made no attempt to counter the 1999
decision on this issue.  Tr. 422-23.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT—No. C-00-20691 RMW
SEG                                                                          7

specify a date of birth.[2]  *Id.*  Furthermore, the name indicated on the record is read variously as "Hailu Desta," "Hailu Desita," or "Desta Haile," depending on the translation.  Tr. 211, 424-25.  The ALJ determined that there was no proof that this document referred to plaintiff and not to his father, who has a very similar name, or to anyone else.  Tr. 425.  The ALJ also noted that the birth year stated in the record, specifically the '21' in the year 1921, appeared to have been altered.  Tr. 108, 424.

The ALJ also considered two new evidentiary documents: (1) a letter from the Embassy of Ethiopia stating plaintiff's birth date as October 1921 and (2) a letter from the Embassy of the United States in Addis Ababa, Ethiopia stating that the Anti-Fraud Unit ("AFU") deemed authentic one of the three birth certificates already in the record.  Tr. 426-27, 498, 500-01, 633.  In the second letter, the U.S. Vice Consul states that the AFU visited the vital statistics office in Addis Adaba and determined that all information in the birth certificate, except place of birth[3], corresponded with the municipality's records.  Tr. 500-01.  However, it is undisputed that the municipal record was created after plaintiff entered the United States.[4]  Tr. 428.  The problem of authenticity and verification therefore extends beyond the municipal record to the source documents and evidence that formed the basis for the creation of the birth certificate.  Tr. 426-27.  Neither of the letters indicate the actual documents checked or describe the location or source of the evidence relied upon in creating the record.  *Id.*

The ALJ sent a letter to the U.S. Embassy in Addis Ababa requesting more information concerning the evidentiary basis for the records.  Tr. 781-82.  However, after six months passed without response, the ALJ decided to move forward and decide the case.  Tr. 428.  The ALJ determined that:

While the birth certificates may be "valid" in that they were actually created by an

---

[2]  One translator of the document stated that a child is customarily baptized at the age of 40 days. Tr. 424-425.

[3]  Where the municipal records indicated plaintiff's place of birth as Addis Ababa, the birth certificate stated it as Adwa.  *Id.*  Plaintiff offered no explanation for this discrepancy.  Tr. 427.

[4]  Plaintiff testified in October 2002 that his brother, who still lives in Ethiopia, obtained the baptismal record from the monastery and then went to the township with the baptismal record to obtain a birth certificate.  Tr. 429, 1081-82, 1085.  Plaintiff testified that his brother obtained all three birth certificates in this way.  *Id.*

*United States District Court*
For the Northern District of California

United States District Court

For the Northern District of California

1    Ethiopian governmental agency, the information in the documents was not obtained
2    through sound evidentiary means.  Rather, the documents were created by relying on
     information provided by the claimant.

3    Tr. 429.

4        The ALJ noted that the INS also refused plaintiff's request to change his date of birth, finding

5    the plaintiff's proffered documentary evidence, including the baptismal record, unreliable.  Tr. 437,

6    601-07.  In light of the vast discrepancies between and within plaintiff's proffered documents, the

7    timing and evidentiary basis for creation of the underlying records, and the "fraudulent" findings of

8    the vital statistics office of Addis Ababa, the ALJ's determination that plaintiff's documents are

9    unreliable and unpersuasive in establishing his age is supported by substantial evidence in the record.

10       **C.    Plaintiff's Proffered Medical Testimony**

11       Plaintiff also offers medical testimony in support of the October 1921 birth date.  Pl.'s Mot.

12   16.  Dr. Gary W. Steinke, a licensed physician, stated that it is "more likely" that plaintiff is older

13   than his INS birth date indicates.  Tr. 1044.  Dr. Ahmad R. Rafii, a chiropractor, opined in September

14   2002 that plaintiff "must be at least 75 years of age" based on plaintiff's medical records and the

15   results of plaintiff's physical examination.  Tr. 1045.

16       The ALJ did not find Dr. Steinke's opinions persuasive, noting that the doctor's opinions

17   lacked objective evidence beyond his own physical examination of plaintiff.  Tr. 432.  The ALJ also

18   determined that a review of plaintiff's medical records did not support Dr. Steinke's statements.  *Id.*

19   On the whole, plaintiff has received "fairly routine" medical care; recent MRIs and x-rays reveal

20   normal results and minimal degenerative changes commensurate with his INS birth date.  Tr. 641-

21   780; *see* Tr. 783-1037 (medical records from Santa Clara Valley Medical Center, 1983-2002).  The

22   ALJ gave little evidentiary weight to Dr. Rafii's statements as (1) he is not a licensed medical doctor;

23   (2) the alleged x-ray reports he relied on were not in the record; and (3) his opinions did not align

24   with plaintiff's medical records or with a 1999 spinal x-ray taken for plaintiff's Workers'

25   Compensation case, which was also considered commensurate with plaintiff's INS birth date and age.

26   Tr. 434.

27       The ALJ noted that neither Dr. Rafii nor the plaintiff attempted to correct plaintiff's birth date

28   on his Workers' Compensation reports, despite their statements to the SSA that plaintiff was born in

United States District Court

For the Northern District of California

1  1921.  Tr. 434, 641-780.  The ALJ correctly noted that Dr. Rafii was the only medical treatment lien

2  holder for plaintiff's Workers' Compensation claim and that the formula used to compensate plaintiff

3  was based on life expectancy.  Tr. 435, 1048-54.  If plaintiff was in fact born in 1921, he would have

4  been compensated for a reduced ability to earn wages from the age of 78 through the age of 108.  *Id.*

5      The ALJ relied on plaintiff's medical record, specifically statements made by Dr. Arthur

6  Holmboe, M.D. in an October 1999 "Agreed Medical Examination" for purposes of Workers'

7  Compensation.  Tr. 433.  Dr. Holmboe noted that changes in plaintiff's x-ray were commensurate

8  with his age and that "the mineral content of the vertebral bodies" appeared normal.  *Id.*  "If the ALJ's

9  credibility finding is supported by substantial evidence in the record, [a court] may not engage in

10  second-guessing."  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).  Here, the ALJ

11  determined that Dr. Steinke's and Dr. Rafii's statements were of little evidentiary value.  The court

12  finds that this credibility determination was based on substantial evidence in the record.

13      **D.    Conclusion**

14      Here, where plaintiff's INS record is the oldest domestic evidence of his age and where the

15  ALJ found no convincing foreign proof of plaintiff's alleged 1921 birth date, the ALJ made a

16  reasoned decision to rely on the "highly probative" INS birth date for plaintiff's social security claim.

17  Tr. 436.  In determining what evidentiary weight to accord each of plaintiff's proffered documents,

18  the ALJ correctly considered the question of when the documents were established or recorded and

19  the circumstances of their establishment or recordation.  *See* 20 C.F.R. § 416.803.  The court is

20  satisfied that the ALJ analyzed each document for discrepancies, made credibility determinations,

21  and assessed and weighed the record as a whole in making its decision.  While the ALJ noted that a

22  claimant born in Ethiopia would have a difficult burden of proof in changing his or her date of birth,

23  plaintiff's behavior since his arrival in the United States, his medical records, and his lifestyle are all

24  consistent with his INS birth date and age.  Tr. 438.

25

26

27

28

# IV.   ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed.  Accordingly, the court denies plaintiff's motion for summary judgment and grants defendant's cross-motion for summary judgment.

DATED: _____7/31/06_____          _____
                                      RONALD M. WHYTE
                                      United States District Judge

**United States District Court**

For the Northern District of California

1  **A copy of this order was mailed to:**

2  **Counsel for Plaintiff:**

3  Gayle M. Tiller
Senior Adults Legal Assistance
4  160 E. Virginia St., Suite 260
San Jose, CA 95112
5

Geoffrey W. Rawlings
6  Law Offices of Geoffrey W. Rawlings
586 N. 1st Street, Suite 101
7  San Jose, CA 95112

8  **Counsel for Defendant:**

9  Sara Winslow
United States Attorney's Office
10  Northern District of California
450 Golden Gate Ave.
11  10th Floor, Box 36055
San Francisco, CA 94102
12

13  Counsel are responsible for distributing copies of this order to co-counsel, as necessary.

14

15  **Date:       7/31/06                                    SPT**
                                                         **Chambers of Judge Whyte**
16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION
FOR SUMMARY JUDGMENT—No. C-00-20691 RMW
SEG                                                    12